The Honorable Ken Jacob State Senator, District 19 State Capitol Building Jefferson City, MO 65101
Dear Senator Jacob:
You have asked what financial records, if any, of a private sheltered workshop that receives some of its funding from a county sheltered workshop are subject to the provisions of Chapter 610, RSMo.
Private sheltered workshops are authorized by Sections 178.900-920, RSMo 1994. Section 178.900(3), RSMo 1994, defines a sheltered workshop as "an occupation-oriented facility operated by a not for profit corporation, which, except for its staff, employs only handicapped persons and has a minimum enrollment of at least fifteen employable handicapped persons[.]"
Purposes of sheltered workshops are described in Section 178.910, RSMo 1994. Those purposes include providing a "controlled work environment . . . designed toward enabling the handicapped person . . . to progress toward normal living and to develop, as far as possible, his capacity, performance and relationship with other persons." A sheltered workshop is directed to "coordinate and integrate its services with all community agencies."
The procedure to establish sheltered workshops is set out in Section178.920, RSMo 1994. Upon application to the Department of Elementary and Secondary Education, a hearing is held to determine whether the applicant can "provide appropriate supervised employment and rehabilitation for handicapped persons." The Department is to determine whether the applicant "will be a proper agent of the state for the purpose of employment and rehabilitation of handicapped persons" and then notify the applicant of its decision. The Department may refuse to issue its certificate of authority if the Department finds that the applicant "will not be a proper agency of the state for the purpose of employment and rehabilitation of handicapped persons." The Department is also authorized to revoke a certificate, after notice and hearing, if the need no longer exists for the sheltered workshop or it violated a rule of the Department.
In addressing your question, we are governed by the provisions of Chapter 610, RSMo. Section 610.010(4)(f), RSMo Supp. 1999, defines "quasi-public governmental body"
 [M]eans any person, corporation or partnership organized or authorized to do business in this state pursuant to the provisions of chapter 352, 353, or 355, RSMo, or unincorporated association which either:
 a. Has as its primary purpose to enter into contracts with public governmental bodies, or to engage primarily in activities carried out pursuant to an agreement or agreements with public governmental bodies; or
 b. Performs a public function as evidenced by a statutorily based capacity to confer or otherwise advance, through approval, recommendation or other means, the allocation or issuance of tax credits, tax abatement, public debt, tax-exempt debt, rights of eminent domain, or the contracting of leaseback agreements on structures whose annualized payments commit public tax revenues; or any association that directly accepts the appropriation of money from a public governmental body, but only to the extent that a meeting, record, or vote relates to such appropriation[.]
The statutory framework establishing sheltered workshops refers to such a workshop as a "proper agent of the state" and as a "proper agency of the state." Moreover, a sheltered workshop carries out its activities pursuant to the "agreement" it has made with the Department through the statutory framework in Chapter 178, RSMo.
Section 610.011, RSMo Supp. 1999, states that it is the public policy of the state of Missouri that the provisions of Sections 610.010 to 610.028
are to be construed liberally and exceptions of openness be construed narrowly. Any analysis of applicability of Chapter 610, RSMo, must start with the proposition that the Sunshine Law is to be interpreted in favor of openness.
This office has previously concluded that an area agency on aging, a not-for-profit corporation to provide coordinated services to the elderly and handicapped, falls within the definition of a quasi-public governmental body because it provides a public function and carries out its activities pursuant to agreements with public governmental bodies. Attorney General Opinion 27-87. We have likewise concluded that a not-for-profit corporation, the Missouri School Boards' Association, that assists boards of education and promotes, supports, and advances the interests of public education, falls within the definition of quasi-public governmental body. Attorney General Opinion No. 103-88.
North Kansas City Hospital Board of Trustees v. St. Luke's NorthlandHospital, 984 S.W.2d 113 (Mo.App. 1998) held that a not-for-profit corporation owned by a municipal corporation's board of trustees was a quasi-public governmental body when its purpose was to assist the municipal corporation's board of trustees. The records were subject to disclosure without regard to the nature of the documents because of its conclusion that any record of an entity subject to the provisions of Chapter 610, RSMo, is a "public record." North Kansas City Hospital,supra at 117. Those records are presumed open unless they clearly fall within one of the specific exceptions set out in Section 610.021, RSMo Supp. 1999. North Kansas City Hospital, supra at 119.
The question you pose is whether the financial records of a sheltered workshop established by a not-for-profit corporation are subject to the provisions of Chapter 610, RSMo. Because such a sheltered workshop is a quasi-public governmental body, the records of such a workshop are subject to the provisions of Chapter 610, RSMo.
However, to the extent that the records include communications between the sheltered workshop and its accountant, those records are not subject to disclosure without the consent of the sheltered workshop. See Section326.151, RSMo 1994. The provisions of Section 610.021(14), RSMo Supp. 1999, recognize that records protected from disclosure based upon statutory privilege are not subject to disclosure under Chapter 610, RSMo.
 Conclusion
A sheltered workshop established by a not-for-profit corporation is a quasi-public governmental body and its financial records are subject to the provisions of Chapter 610, RSMo.
Very truly yours,
 JEREMIAH W. (JAY) NIXON Attorney General
Enclosures
CITIES: A city of the fourth class may PUBLIC PURPOSE convey by gift land it owns in fee simple to a public community college to build a community college on such land.